[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'SMOTION FOR MODIFICATION ANDPLAINTIFF'S MOTION FOR CONTEMPT (NOS. 117.09 AND 119)
There are two motions before the court on this matter; plaintiff's motion for contempt (docket entry no. 119) dated December 1, 1994, and defendant's motion for modification (docket entry no. 117.09) dated April 2, 1993.
The parties were married June 18, 1983 in New York, New York. There was one child issue of the marriage born June 17, 1986. A decree of dissolution of the marriage was entered on December 6, 1989. At that time the parties had reached an oral agreement and that oral agreement was set forth upon the record and a transcript placed in the file. A number of the issues in the, motion for contempt may be resolved by referral to that transcript
The agreement of the parties provided that if the wife were to move more than twenty-five (25) miles from the their current marital home, the parties were to renegotiate the costs of visitation and if they were unable to agree, to return to court for further orders. In June, 1990, the parties did return to court for further orders, the plaintiff intending then to move to California. At that time, the court entered orders modifying the provisions of the judgment. At that time, this court found that the plaintiff had a legitimate interest in moving to California, that she had a job there and further job opportunities. This CT Page 1156 court also found that the move to California was in the minor child's best interest.
At that time this court also found child support in an amount of $600 per month. The defendant at that time was unemployed as was true also at the time of the original decree in 1989. In 1990 this court did find that the defendant had been previously employed at a salary or income of Fifty-five Thousand ($55,000) dollars per year and based its order upon the defendant's productive capacity.
The defendant is 42 years of age, in good health, has a bachelor's degree and a master's degree in business administration from the University of Virginia. His usual position or occupation is as a financial analyst. As noted above, this court previously determined that he had an earning capacity of $55,000 per year. It is difficult at this time, based upon the evidence in this proceeding, to see how such a finding was made. Defendant's exhibit 1 reflects his highest gross earned income to have been $43,200 in 1986. He had no income in 1988, 1989, 1990 and 1991. In 1992 his gross income was $800 for the year, in 1993 $19,300 and in 1994, $25,100. He is presently employed as an office manager at Facility Services, Inc. with a gross weekly income of $400 per week based on a four day work week. His net income after deductions for state and federal income taxes and FICA is $316.38. He reports net interest and dividend income of $13.00 per week.
The defendant has been paying $425 per month for support since December, 1993. This was a unilateral decision on his part but discussed with the plaintiff. They agreed upon this amount subject to final resolution by the court.
The plaintiff did not appear for this proceeding but appeared by counsel. Her affidavit reports gross income of $366 per week and a net weekly income of $298. She reports dividend income of $20 per week for a total weekly net income of $317.
The defendant testified that she has a live-in boy friend, that his daughter Kira is the beneficiary of a trust and that the plaintiff deducts a percentage of her household expenses for an office at home, for her automobile expenses and her telephone expense.
Based upon the Family Support Guidelines, a proper figure for support is $80 per week. The existing order results in a weekly CT Page 1157 order of $139.50 per week. The $139.50 per week figure is more than a fifteen percent deviation from the child support guidelines and, therefore, clearly modifiable under the provisions of § 46b-86(a) of the General Statutes.
It is certainly true that the defendant is under employed. He has testified that he has looked for work in his field but has been unable to find such work. He has settled on his present position because it is "work." He does have present earnings adequate to pay the monthly support he has been paying. As previously found by this court, the defendant has an earning capacity greater than his present position. While he says that he has been looking for other employment, I believe that to have been more in the past rather than recently. The court finds that the defendant is a capable individual, and it should be possible for him to obtain a position with a salary greater than $100 per day.
The court finds that it would be inequitable and inappropriate to apply the child support guidelines in this situation and orders that there should be a deviation from the guidelines under the provisions of § 46b-215a-3 (b)(1)(B)1 "the parent's earning capacity."
The former support order of $600 per month shall be modified to the amount of $425 per month effective December 1, 1994. In making this decision the court has also considered the factors of § 46b-84 of the General Statutes.
The plaintiff claims the defendant is in contempt and has submitted a statement of support arrearage of $2,950. The defendant agrees that he does owe $2,950 (see plaintiff's exhibit
A). The plaintiff also claims the following:
1/2 of Dr. Noonan's therapy bill $ 25.00
1/2 of Dr. Handelman's therapy bill $142.00
1/2 of Dr. Dergositis' bill (dentist) $142.00
1/2 of Dr. Forest's bill $124.60
1/2 of extra curricular "stuff" (see plaintiff's exhibit B and attachments) $504.00 CT Page 1158
The original decree incorporating the agreement of the parties provides as follows:
 The husband and wife shall pay equally for the benefit of the minor child all reasonable medical, optical, surgical, hospital, psychiatric, psychological and nursing expenses; the cost of prescription drugs, dental and orthodontic expenses until the minor child shall attain the age of eighteen years or otherwise become emancipated, provided, however, that no psychiatric, psychological, orthodontic expense or elected surgery or treatment shall be incurred without the prior consent of the husband and wife, which consent shall not be unreasonably withheld.
(Emphasis supplied; page 15 of transcript of December 6, 1989.)
Dr. Norman is a psychologist. The defendant has stated he never consented to Kira's treatment with Dr. Norman. "Dr." Handelman is not a PhD. or an M.D. but is an M.S.W. (therapist), and the defendant did not consent to that treatment. Dr. Forest is a chiropractic physician. The defendant testified he does not believe in chiropractors and his consent for treatment by Dr. Forest was not obtained. The claims of reimbursement for Dr. Noonan, Dr. Handelman and Dr. Forest are, therefore, denied, since the defendant's consent was not obtained.
As to Dr. Dergositis, his bill for dental services consists of bite wing x-rays, two cleanings and four tooth sealants. Kira is eight years old. Defendant claims the sealant was applied to baby teeth and has considered this an elective procedure, that he would approve if applied to second teeth but not to baby teeth. Consent was not obtained. Eighty-five dollars of Dr. Dergositis' bill was for necessary dental services. The court orders that defendant reimburse the plaintiff $42.50 as his one-half.
The plaintiff has claimed one-half of extra curricular expenses for Kira for piano and voice lessons — $375, Children's Art Center — $255, and ballet — $378 for a total of $1,008, defendant's one-half — $504. The agreement of the parties provided as follows: CT Page 1159
 The husband and wife shall share equally all extra curricular activities for the minor child until she shall attain the age of eighteen years, provided both parties shall give their consent to the extra curricular activity, but said consent shall not unreasonably withheld.
(Emphasis supplied; page 28 of the transcript of December 6, 1989.)
The defendant testified that he was asked about these extracurricular activities by the plaintiff but that he advised he was not in a position to afford these activities. His consent was not obtained, so that he is not responsible to contribute.
Finally, there is a dispute between the parties regarding medical insurance. The agreement of the parties provided as follows:
 With regard to medical insurance, the wife will take out Blue Cross, Blue Shield insurance for herself and the minor child; that with a Five Hundred Dollar deductible; That the cost should (sic) attributable to the minor child shall be split equally by the parties.
(Emphasis supplied; page 15 of transcript of December 6, 1989.)
The plaintiff has obtained a Two Hundred and Fifty Dollar deductible Blue Cross policy. The agreement provides that the defendant shall pay one-half of the portion attributable to the child on a Five Hundred Dollar deductible policy. The defendant obtained that information from Blue Cross-Blue Shield of California. The court did not allow this schedule to be admitted into evidence. It is clear, however, that the defendant is correct in his position and that the proper monthly contribution as calculated by him is correct. That figure as computed by the defendant for his share is $26.375 monthly (see defendant's exhibit 3).
Lastly, the plaintiff has claimed that the defendant is in contempt for failure to maintain $50,000 of life insurance as required by the judgment. The agreement of the parties with CT Page 1160 respect to life insurance provided as follows:
 The husband shall forthwith designate the minor child as irrevocable beneficiary to the extent of Fifty Thousand Dollars of life insurance, which amount shall be payable to the wife as trustee for the minor child.
(Transcript, page 16, December 6, 1989.)
The agreement further provided:
 The husband shall at all times provide satisfactory evidence to the wife showing his compliance with the provisions under this paragraph.
The defendant has continued to maintain a life insurance policy for $100,000 naming the wife as beneficiary for one-half of said policy. However, the defendant never contacted his insurance agent to arrange for the agent to provide proof of the existence of this policy and the designation of the plaintiff as first beneficiary for the benefit of the minor child of Fifty Thousand ($50,000) Dollars of said insurance payable upon the death of the respondent. The defendant is ordered to do so and such proof of insurance shall be supplied to the plaintiff within thirty (30) days of this decision.
On the motion for contempt, the court finds that the defendant is not in contempt. There has not been a wilful and intentional violation of this court's orders. The court does find, however, an arrearage of $2,775 ($2,950 less $175 for December, 1994, the effective date of the modification order being December 1, 1994). Said arrearage shall be paid in an amount of $50 per month until fully paid.
In summation, then, the motion for modification is granted; support shall be $425 per month effective December 1, 1994.
The motion for contempt is denied. The court, however, finds an arrearage on child support of $2,775 and orders $50 per month to be paid on that arrearage for an effective order of $475 per month plus an amount to reimburse the plaintiff for medical insurance attributable to Kira in an amount of $26.375 per month payable monthly or bimonthly or every four months as the parties CT Page 1161 shall agree. Additionally, the defendant is to pay $42.50 as his half share of the dentist's bill within thirty (30) days of this date and provide proof of the life insurance as herein set forth.
Plaintiff has also requested attorney's fees pursuant to § 46b-62 of the General Statutes. Plaintiff's counsel has submitted an affidavit and attached time slips and disbursements. These report ten hours of billable time at $190 per hour and disbursements of $88. While some of plaintiff's counsel's time was upon the motion for contempt, the greater portion of her time was spent on the motion for modification. After considering the respective financial positions of the parties and the factors of § 46b-82, the court denies plaintiff's request for attorney's fees.
Orders shall enter on these motions in accordance with this memorandum.
EDGAR W. BASSICK, III, JUDGE